UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID ALLEN FARMER,

    Plaintiff,

v.

DENNIS J. LANGER, *et al.*,

    Defendants.

Case No. 3:20-cv-18
JUDGE DOUGLAS R. COLE
Magistrate Judge Ovington

**OPINION AND ORDER**

This cause comes before the Court on the Magistrate Judge's May 8, 2020, Report and Recommendation ("R. & R.") (Doc. 14). The Magistrate Judge recommends that the Court **DISMISS** Farmer's Complaint (Doc. 1) either because (1) Farmer failed to correctly file for IFP status or pay the required filing fee, or (2) he has not provided the Court with an accurate mailing address so the Court could administer the case further. (*See* R. & R., Doc. 14, #53–54). For the reasons more fully set forth below, the Court **ADOPTS** the R. & R., **DISMISSES** the Complaint (Doc. 1), and **DENIES as MOOT** the Motion for Leave to Proceed IFP (Doc. 1).

**BACKROUND AND ANALYSIS**

On January 17, 2020, David Allen Farmer ("Plaintiff" or "Farmer"), then an inmate at the Marion Correctional Institution, brought this action by filing an application to proceed IFP and a Complaint. (*See* Doc. 1). Because Farmer used an outdated IFP application, and therefore did not provide the required financial information, the Court ordered the Clerk of Court to send Farmer the current IFP

application form. (R. & R. at #53). That same Order, docketed on January 22, 2020, also required Farmer to either pay the required filing fee or submit the correct IFP application form. (*Id.* (citing Doc. 3)). Farmer did neither. He instead filed a Motion, on February 6, 2020, seeking relief from the requirements of the IFP order. (Doc. 6). The Court denied Farmer's Motion (Doc. 6) and again ordered him to either pay the filing fee or submit the required paperwork. (*See* Doc. 9).

Meanwhile, the Court's mail to Farmer started returning as undeliverable. (*See* Docs. 7, 8, 11). First on February 18, 2020, (Doc. 7), again on February 20, 2020, (Doc. 8), and again on March 5, 2020 (Doc. 11). By April 9, 2020, the Clerk's Office discovered that it had used the incorrect zip code when mailing documents to Farmer. (*See* Doc. 12). The Clerk's Office corrected the mistake and again mailed Farmer the Court's Order on his Motion for relief from the Court's IFP requirements (Doc. 6). (Doc. 12). That was returned as undeliverable, too. (*See* Doc. 13).

At this point, the Magistrate Judge again attempted to verify Farmer's address. (*See* R. & R. at #54). She consulted the Ohio Department of Rehabilitation and Correction's ("ODRC") website's "offender search" database. (*Id.*). Farmer did not appear in the listing, nor did any information about him.[1] (*Id.*). This means that Farmer is no longer incarcerated at the Marion Correctional Institution, or any other ODRC facility, which explains why the mail has been returned as undeliverable. (*Id.*). But, it does not explain why he is no longer incarcerated. (*Id.*).

---

[1] The undersigned conducted the same search and received the same results.

2

The Magistrate Judge noted that a local obituary unfortunately suggests one possibility. The obituary reports that a David Allen Farmer passed away on April 22, 2020, in Dayton, Ohio. (*See* https://www.legacy.com/obituaries/name/david-farmer-obituary?pid=196142156; *see also* R. & R. at #54). The context clues—the fact that the names are identical and the timing makes sense—indicate that the Mr. Farmer mentioned in the obituary is likely the plaintiff in this action.[2] If, instead, that obituary refers to a different David Allen Farmer, the Mr. Farmer who is the plaintiff in this action has not provided the Court with his current address or any other method to contact him.

Either way, the Court agrees with the Magistrate Judge that there is no practical way to administer the case further without having Farmer's contact information. (*See* R. & R. at #54). Farmer's case is therefore subject to dismissal. *See* Fed. R. Civ. P. 41(b); *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b) … to enter a sua sponte order of dismissal.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962); *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) ("Because [the plaintiff] failed to pay the filing fee or submit the required documentation to the district court in order to apply to proceed in forma pauperis, his petition was subject to dismissal for want of prosecution.").

---

[2] Chambers contacted a representative from ODRC who provided further confirmation that an inmate at the Marion Correctional Facility named David Allen Farmer had passed away in April 2020.

3

Based on these concerns, the Magistrate Judge recommended that the Court dismiss Farmer's Complaint and terminate the case. (*See* R. & R. at #55). She also advised both parties that a failure to object within the 14 days specified by the R. & R. may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #56); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "*fail[ure] to file* an objection to the magistrate judge's R&R … is forfeiture, not waiver") (emphasis in original); 28 U.S.C. § 636(b)(1)(C). Neither party filed any objections. That is yet another basis on which to adopt the R. & R.

## CONCLUSION

Based on the Court's de novo review of the record, as well as the lack of any objections, the Court reaches the same conclusion as the Magistrate Judge on the appropriate path forward in this action. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 14), **DISMISSES** Farmer's Complaint (Doc. 1), and **DENIES as MOOT** Farmer's Motion for Leave to Proceed In Forma Pauperis ("IFP") (Doc. 1). The Court **ORDERS** the Clerk to terminate the case.

    **SO ORDERED.**

June 12, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**